*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1591**

Pamela Marie Faust, petitioner,
Respondent,

vs.

Commissioner of Public Safety,
Appellant.

**Filed July 14, 2014
Reversed
Bjorkman, Judge**

Stearns County District Court
File No. 73-CV-13-2592

Michael L. Samuelson, St. Cloud, Minnesota (for respondent)

Lori Swanson, Attorney General, James E. Haase, Assistant Attorney General, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Smith, Judge; and Klaphake, Judge.[*]

# UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant commissioner challenges the district court's rescission of respondent's driver's license revocation, arguing that excluding evidence of respondent's alcohol

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

concentration is not appropriate because she voluntarily consented to the warrantless breath test. We reverse.

## FACTS

Early in the morning on March 2, 2013, respondent Pamela Faust was arrested for driving while impaired. Police transported Faust to the Stearns County Jail and read her the standard implied-consent advisory. Faust agreed to take a breath test, which revealed an alcohol concentration of 0.11. Based on that result, appellant Minnesota Commissioner of Public Safety revoked Faust's driver's license.

Faust sought judicial review of the license revocation, arguing that the warrantless collection and testing of her breath constituted an unreasonable, unconstitutional search and that the results of the test should be suppressed. The district court agreed that neither exigent circumstances nor consent justified the warrantless search, excluded the test results, and rescinded the license revocation. This appeal follows.

## D E C I S I O N

Collection and testing of a person's blood, breath, or urine constitutes a search under the Fourth Amendment to the United States Constitution, requiring a warrant or an exception to the warrant requirement. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1412-13 (1989); *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). The exigency created by the dissipation of alcohol in the body is insufficient to dispense with the warrant requirement. *Missouri v. McNeely*, 133 S. Ct. 1552, 1561 (2013). But a warrantless search of a person's breath, blood, or urine is valid if the person voluntarily consents to the search. *Brooks*, 838

2

N.W.2d at 568. The commissioner bears the burden of showing by a preponderance of the evidence that the defendant freely and voluntarily consented. *Id.*

The voluntariness of a driver's consent depends on "the totality of the circumstances," which we review independently. *See id.*; *see also State v. Harris*, 590 N.W.2d 90, 98 (Minn. 1999) ("When reviewing pretrial orders on motions to suppress evidence, we may independently review the facts and determine, as a matter of law, whether the district court erred in suppressing . . . the evidence."). The relevant circumstances include "the nature of the encounter, the kind of person the defendant is, and what was said and how it was said." *Brooks*, 838 N.W.2d at 569 (quoting *State v. Dezso*, 512 N.W.2d 877, 880 (Minn. 1994)). The nature of the encounter includes how the police came to suspect the driver was under the influence, whether police read the driver the implied-consent advisory, and whether he had the right to consult with an attorney. *Id.* A driver's consent is not coerced as a matter of law simply because he or she faces criminal consequences for refusal to submit to testing. *Id.* at 570.

The commissioner argues that examination of the totality of the circumstances reveals that Faust voluntarily consented to chemical testing. We agree. Faust does not dispute that police had probable cause to believe she was driving while under the influence of alcohol. Faust received a standard implied-consent advisory, which informed her that she had the right to consult with an attorney (though she does not appear to have actually done so) and to decide whether to submit to chemical testing. She thereafter consented to a breath test.

3

Faust has not claimed, and there is no evidence indicating that the police did anything to overcome Faust's will or coerce her cooperation. She was not subjected to extensive questioning or held in custody for a prolonged time before being asked to provide a sample for chemical testing. The only fact she identified in support of her argument, and the district court's sole basis for concluding that she did not validly consent, was that she was advised that refusal to submit to testing is a crime. After *Brooks*, this sole fact is insufficient to demonstrate coercion. *See id.*

Overall, this record indicates that Faust voluntarily consented to chemical testing of her breath. Because Faust's consent justified the warrantless search, we conclude the district court erred by excluding the test result and rescinding Faust's license revocation.

**Reversed.**